NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PAMELA STOKES, on behalf of herself and all others similarly situated<br>　　　　Plaintiff,<br><br>v.<br><br>CONSUMER CREDIT, INC..<br><br>　　　　Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action. No.10-cv-03103 (DMC)(JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Computer Credit, Inc."s ("Defendant") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the decision of this Court that Defendant's motion to dismiss is **granted.**

**I.       BACKGROUND**

On June 17, 2010 Plaintiff commenced this class action against Defendant, Computer Credit, Inc. Plaintiff's complaint alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Plaintiff is a resident of the State of New

Jersey. Defendant is a collection agency, regularly collecting debts due others. On or about May 28, 2010 Defendant mailed a collection notice to Plaintiff for debts claimed on behalf of Robert Wood Johnson University Hospital. The text on the front of the letter stated, "[u]nless you notify our office that you dispute the validity of this debt within 30 days of receiving this letter, we will assume that the debt is valid and expect it to be paid." (Complaint ("Comp.") ¶ 1; Ex. A).

The back of the letter stated, "CCI will assume this debt to be valid unless you dispute the validity of the debt, or any portion thereof, within thirty days after receipt of this notice. If you notify CCI, in writing, within this thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt ..." ( Id. ¶. 1; Ex. A) Plaintiff alleges that the front of the letter fails to inform consumers that they can dispute "any portion" of the debt. Plaintiff further maintains that the front and back of the letters are inconsistent, and the "least sophisticated consumer" would not understand their right to contest a portion of the debt.

## II.     LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6)

"The [d]istrict [c]ourt, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [is] required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  "While a complaint attacked  by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly,  550 U.S. 544, 555 (2007).  "[A court is] not bound to accept as true a legal conclusion couched as a factual

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above a speculative level, [ ] on the assumption that all factual allegations in the complaint are true (even if doubtful in fact)." Bell at 555-56. The Complaint must set forth direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). That said, something more than a mere *possibility* of a claim must be alleged; the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Id* at 570.

### III. DISCUSSION

The gravaman of the complaint at issue is four little words , "or any part thereof," and where those words appear in the collection letter sent by Defendant to recover a debt allegedly owed by Plaintiff for medical treatment she received. Defendant has directed the Court to a case that arose in the Eastern District of New York that examined an identical letter sent by the same Defendant to a different Plaintiff. The Court finds Judge Seybert's Opinion in *Grodzian v. Consumer Credit*, Inc., 2009 WL 6497843, to be well reasoned, thoroughly and exhaustively researched, and highly persuasive. The Court finds that it also passes muster under the precedent of the Third Circuit, although our circuit has not had occasion to rule on the identical issue.

Plaintiff argues that the letter was "confusing and conflicting" (Complaint ("Comp.") ¶ 20) in that the four words appeared on the validation notice on the back of the letter, but were omitted from the front. They make this argument despite the clear and prominently displayed instruction, written in bold, capital letters on the front of the letter, that states "please see important notice on the back." As the Third Circuit made clear in *Campuzano-Burgos v. Midland*

3

*Credit Management, Inc.* 550 F.3d 294, 298 (C.A.3 (Pa.),2008), "even the least sophisticated debtor is bound to read collection notices in their entirety." (citing *Fed. Home Loan Mortgage Corp. v. Lamar,* 503 F.3d 504, 510 (6th Cir.2007); see also, *Schweizer v. Trans Union Corp.,* 136 F.3d 233, 238 (2d Cir.1998) (analyzing a debt collection letter as a whole under the least sophisticated debtor standard); *Peter v. GC Servs. L.P.,* 310 F.3d 344, 349 (2d Cir.2002) (same); *McStay v. I.C. Sys., Inc.,* 308 F.3d 188, 191 (2d Cir.2002) (same).

Because the Court finds that even the least sophisticated consumer is charged with the obligation of reading the front and back of the letter, and that the letter even instructed Plaintiff to do so, the question becomes whether, as a matter of law, the omission of the four words on the front and their inclusion on the back created conflict and/or confusion. The Court finds that they did not. It is a fair and sensible reading that the validation notice on the back did not conflict with the front of the letter, but merely expanded, modified or clarified it much the way a child might understand the directive to "eat your peas" followed by the modification, "or a portion thereof." It is an unreasonable linguistic stretch to maintain, as Plaintiff does, that Defendant falsely represented Plaintiff's options, and encouraged her to believe that she could only dispute all, or none, of the debt. Although the Court interprets the letter according to the recognized standard of the least sophisticated debtor, it should be noted , as the Third Circuit held in *Wilson v. Quadramed Corp*. 225 F.3d 350, 354 -355 (C.A.3 (N.J.),2000), that "although this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'"(citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993)). Moreover, as the *Campuzano-Burgos* Court held, "rulings that ignore these

rational characteristics of even the least sophisticated debtor and instead rely on unrealistic and fanciful interpretations of collection communications that would not occur to even a reasonable or sophisticated debtor frustrate Congress's intent to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Campuzano-Burgos v. Midland Credit Management, Inc*. 550 F.3d 294, 299 (C.A.3 (Pa.),2008) The fact that the phrases on the front and back are not identical does not mean that they are inconsistent or deceptive. Defendant's obligation was not to write the perfect letter, but to comply with the requirements of the FDCPA, which states, in relevant part, that " a debt collector shall...send the consumer a written notice containing...(3) a statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector..." 15 U.S.C. § 1692g(a)(3). As the Court in *Grodzian* held in the identical situation, "the notices effectively inform a consumer of his rights under the Act. The least sophisticated consumer would not be confused or misunderstand his rights under the Act, and the notices are not false or deceptive in any manner."*Grodzian v. Computer Credit, Inc*. 2009 WL 6497843, 4 (E.D.N.Y.) (E.D.N.Y.,2009).

### IV.     CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) is **granted.** An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:   March   22 , 2011
cc:     Counsel of Record
        Hon. Joseph A. Dickson, U.S.M.J.